UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SAEED M. COUSAR, | : <br> : <br> : Case No. 2:21-14517 (BRM) (JSA) <br> : <br> : <br> : **OPINION** <br> : <br> : <br> : <br> : |
| Plaintiff, | |
| v. | |
| SEAN MORGAN, *et al.* | |
| Defendants. | |

Before the Court is *pro se* plaintiff Saeed Cousar's ("Plaintiff") civil rights complaint ("Complaint"), filed pursuant to 42 U.S.C. § 1983. (ECF No. 1, "Compl.") Based on his affidavit of indigence (ECF 3), the Court previously granted him leave to proceed *in forma pauperis* and ordered the Clerk of the Court to file the Complaint. (ECF No. 4.)

At this time, the Court must review the Complaint, pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, the Court concludes the Complaint should be dismissed in its entirety.

I. **BACKGROUND**

The following factual allegations are quoted from the Complaint:[1]

> On October 9, 2015 Investigator Sean J. Moragn of the New York State Police submitted a sworn affidavit in support of a search warrant ("the Affidavit") to a Putnam County, New York Judge and the warrant was signed on October 9, 2015 to search Saeed Cousar, car, and the residence located at 172 Culver Avenue, Jersey City New Jersey. Plaintiff [] alleges that on October 15, 2105, Detectives

---

[1] The factual allegations are accepted as true for the purposes of this screening only. The Court has made no findings as to the veracity of Plaintiff's allegations.

Sean Morgan, Brian Hoff, and Trooper Stefanik of the New York State Police Department entered Plaintiff's residence without "valid authority of Jurisdiction" and without reasonable probable cause and Detective Jason Sluberski of the Hudson County Prosecutor's Office affidavit for the search warrant was not based on probable cause and was facially defective, Plaintiff further alleges that the Defendants also unlawfully entered Plaintiff's house destroying Plaintiff's property and violating Plaintiff's constitutional rights.

The crux of Plaintiff's action is that the execution of the search warrant on October 15, 2015 constituted and unreasonable search and seizure "in violation of his Fourth Amendment rights in that defendants wrongfully obtained the warrant using false and fabricated information that defendants knew or should have known was false and that defendants was without authority and was acting in clear absence of Jurisdiction and the Putnam County Judge was without authority and acting in clear absence of all Jurisdiction and the affidavit of probable cause was deficient because it did not contain enough information to give the Putnam County Judge a substantial basis to conclude that Putnam County, New York had Jurisdiction to issue a search warrant for a residence in New Jersey, the Putnam County Judge issued the warrant in reliance on a deliberately or recklessly false affidavit and the Putnam County Judge abandoned his judicial role and failed to perform his neutral and detached function, the warrant was based on an affidavit so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable. Plaintiff argue[s] that the defendant's actions were not "Judicial Acts" and therefore outside their Jurisdiction.

Plaintiff further alleges that the "arrest and detention of Saeed Cousar by Officer Peter J. Ciacci of the New York State Police and Officer Sean Morgan of the New York State Police . . . [was] carried out unlawfully, intentionally, maliciously, without just or probable cause, for the express purpose of trying to justify the illegal arrest." Plaintiff contends that the allegations demonstrate that the individual police officers in concert falsely charged and prosecuted Plaintiff. Plaintiff also contends that Melissa Lynch deprived him of his right to plead not guilty by informing plaintiff of possible multiple convictions and life sentences if he went to trial. Under the Civil Rights Act, a state prosecuting attorney is immune from

liability unless his alleged actions are clearly outside the scope of his jurisdiction Melissa Lynch knew she didn't have Jurisdiction and still moved forward to prosecute without authority or Jurisdiction. The State Police forwarded their officers' reports containing the malicious and fabricated information about Plaintiff to the Putnam County District Attorney and sought Plaintiff's criminal prosecution Plaintiff states that the prosecuting attorney, Melissa Lynch, in preparing her case against plaintiff, above-named defendants conspired to introduce perjured and false statements at his trials in violation of his constitutional rights, based on hearsay sources, Plaintiff alleges that the defendants conspired "to get a story together." Presumably to be used against plaintiff and that his guilty plea was a result of this conspiracy and plea-bargaining by the prosecuting attorney, Melissa Lynch.

On February 3, 2021 the Appellate Division, Second Department reversed the instant Judgment of Conviction of the Putnam County Court (James T. Rooney) and ordered that the indictment be remitted to the County for dismissal Pursuant to CPL 160.50. The Appellate Division Second Department ruled that larceny is not a "result offense" pursuant to CPL 20.10(3) and that as a result, the People did not have jurisdiction to prosecute defendant for the crime of Grand Larceny all of the defendant's criminal conduct occurred in the State of New Jersey.

(Compl. at 9-10.) Plaintiff seeks monetary relief.

## II. LEGAL STANDARD

### A. Standard for a Sua Sponte Dismissal

Per the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, *see* 42 U.S.C. § 1997e. The PLRA directs district courts to sua sponte dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is

subject to sua sponte screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) and 1915A because Plaintiff is a prisoner who is proceeding as indigent.

According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive sua sponte screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Belmont v. MB Inv. Partners, Inc.*, 708 F.3d 470, 483 n.17 (3d Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678). Moreover, while pro se pleadings are liberally construed, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

**B.  Section 1983 Actions**

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

Therefore, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, the alleged

deprivation was committed or caused by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

### III. DECISION

#### A. False Arrest/Imprisonment

Plaintiff raises a claim of false arrest/false imprisonment against Defendants Investigator Sean Morgan, Officer Brian Hoff, Officer Peter Ciacci, Trooper Stefanik, and Detective Jason Sluberski. Plaintiff's Complaint fails to state a plausible claim for relief.

The central issue in determining liability in a § 1983 action based on a claim of false arrest is "whether the arresting officers had probable cause to believe the person arrested had committed the offense." *Dowling v. City of Philadelphia*, 855 F.2d 136, 141 (3d Cir. 1988). "Probable cause to arrest exists where the arresting officer has knowledge of facts and circumstances sufficient to permit a prudent person of reasonable caution to believe that the person arrested has committed an offense." *Young v. City of Hackensack*, No. 04-2011, 2005 WL 1924327, at *3 (D.N.J. Aug. 11, 2005), *aff'd*, 178 F. App'x 169 (3d Cir. 2006). Generally speaking, a facially valid warrant establishes probable cause for an arrest and indicates that officer's arrest was objectively reasonable. *See Young*, 178 F. App'x at 171–72 (affirming grant of summary judgment to defendants in false arrest § 1983 case on basis of probable cause and qualified immunity where warrant "appears on its face to be valid"); *see also Messerschmidt v. Millender*, 132 S. Ct. 1235, 1245 (2012) ("Where the alleged Fourth Amendment violation involves a search or seizure pursuant to a warrant, the fact that a neutral magistrate has issued a warrant is the clearest indication that the officers acted in an objectively reasonable manner or, as we have sometimes put it, in 'objective good faith.'") (quoting *United States v. Leon*, 468 U.S. 897, 922–23 (1984)); *McRae v. City of Nutley*, No. 12–6011, 2015 WL 6524629, at *8 (D.N.J. Oct. 28, 2015).

Where a plaintiff is arrested pursuant to a facially valid warrant, however, a court may only find probable cause lacking if the arresting officer "knowingly and deliberately, or with a reckless disregard for the truth, made false statements or omissions that create a falsehood in applying for a warrant" and "such statements or omissions [were] material, or necessary, to the finding of probable cause." *Wilson v. Russo*, 212 F.3d 781, 786–87 (3d Cir. 2000) (citing *Sherwood v. Mulvihill*, 113 F.3d 396, 399 (3d Cir. 1997)); *see also Eckman v. Lancaster City*, 529 F. App'x 185, 186 (3d Cir. 2013). An officer makes an assertion with reckless disregard for the truth "when viewing all the evidence, [the officer] must have entertained serious doubts as to the truth of his statements or had obvious reasons to doubt the accuracy of the information he reported." *Wilson*, 212 F.3d at 788.

Plaintiff acknowledges that there was a warrant issued for his arrest. Plaintiff alleges his arrest and detention were "carried out unlawfully, intentionally, maliciously, without just or probable cause, for the express purpose of trying to justify the illegal arrest," and defendants wrongfully obtained the warrant using false and fabricated information that defendants knew or should have known was false. Plaintiff fails to plead facts supporting his conclusion that these Defendants lacked probable cause. While Plaintiff makes bald and conclusory statements that his arrest was carried out without probable cause, he does not give details about his arrest or what false information his arrest warrant was based on. Absent more information, the Complaint does not permit a plausible inference regarding a lack of probable cause, and Plaintiff's complaint therefore fails to state a plausible claim for relief for false arrest or false imprisonment. Those claims are therefore dismissed without prejudice as to all Defendants.

### B. Unlawful Search

Plaintiff also argues Defendants Morgan, Hoff, Ciacci, Stefanik, and Sluberski "procured and executed the warrant knowingly and intentionally, and with reckless disregard for the truth, made [and] used false statements in [] affidavit and that the allegedly false statement was necessary to the finding of probable cause."

The Fourth Amendment provides, in pertinent part, that "[t]he right of the people to be secure in their persons, houses, papers and effects, against unreasonable search and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause." U.S. Const. amend IV. As such, "a search or seizure conducted without a warrant or probable cause may form the basis of a § 1983 claim based on the Fourth Amendment." *Castro v. Perth Amboy Police Dept.*, 2014 WL 229301, at *2 (D.N.J. Jan. 21, 2014) (citing *Reedy v. Evanson*, 615 F.3d 197 (3d Cir. 2010)).

Plaintiff alleges the Defendants made "false statements" in the affidavit, which were the basis for probable cause. Plaintiff again makes a conclusory argument. Plaintiff fails to identify Defendants "false statements" that were material in obtaining the search warrant despite a lack of probable cause. Accordingly, the claim for unlawful search and seizure against Defendants Morgan, Hoff, Ciacci, Stefanik, and Sluberski is dismissed without prejudice.[2]

### C. Malicious Prosecution

Plaintiff also raises a claim of malicious prosecution against Assistant District Attorney Melissa Lynch and Defendant Ciacci. Plaintiff submits "Melissa Lynch knew she didn't have Jurisdiction and still moved forward to prosecute without authority or Jurisdiction."

---

[2] The Court also notes Plaintiff's claims for false arrest, false imprisonment, and unlawful search all relate to alleged failings in 2015, five years before Plaintiff filed his complaint in this matter. As § 1983 claims are subject to a two-year statute of limitations, it appears that these claim are almost certainly time barred even had Plaintiff pled a plausible claim for relief. *See, e.g., Patyrak v. Apgar*, 511 F. App'x 193, 195 (3d Cir. 2013).

Malicious prosecution claims raised pursuant to § 1983 arise out of the protections enshrined in the Fourth Amendment. *Halsey v. Pfeiffer*, 750 F.3d 273, 296–97 (3d Cir. 2014). To state a claim for malicious prosecution, a plaintiff must allege the following elements:

> (1) the defendant initiated a criminal proceeding; (2) the criminal proceeding ended in [the plaintiff's] favor; (3) the defendant initiated the proceeding without probable cause; (4) the defendant acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered [a] deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding.

*Id.* (internal citations omitted).

That the criminal proceedings terminated in Plaintiff's favor is a requirement for bringing a malicious prosecution claim. *Id.* Indeed, a cause of action for malicious prosecution does not accrue, and the statute of limitations does not begin to run, until the plaintiff has received a favorable termination. *See Heck v. Humphrey*, 512 U.S. 477, 489–90 (1994). The favorable termination element is only satisfied if the criminal case was "disposed of in a way that indicates the innocence of the accused." *Kossler v. Crisanti*, 564 F.3d 181, 187 (3d Cir. 2009). "The purpose of the favorable termination requirement is to avoid 'the possibility of the claimant succeeding in the tort action after having been convicted in the underlying criminal prosecution, in contravention of a strong judicial policy against the creation of two conflicting resolutions arising out of the same or identical transaction.'" *Id.* (alteration omitted) (quoting *Heck*, 512 U.S. at 484.)

The Court construes the Complaint as submitting that because Plaintiff's conviction was overturned, his criminal proceedings were terminated in Plaintiff's favor. Plaintiff argues the Appellate Division, Second Department reversed his conviction, ruling "larceny is not a 'result offense' pursuant to CPL 20.10(3) and that as a result, the People did not have jurisdiction to prosecute defendant for the crime of Grand Larceny all of the defendant's criminal conduct

occurred in the State of New Jersey." (ECF No. 1, at 9.) However, these facts submitted by Plaintiff do not show his conviction was "disposed of in a way that indicates the innocence of the accused." *Kossler*, 564 F.3d at 187. Rather, Plaintiff admits that his criminal conduct took place in New Jersey rather than New York. Plaintiff does not submit that his conviction was overturned because of his innocence. Plaintiff fails to meet the favorable termination requirement required to state a claim for malicious prosecution. Plaintiff's malicious prosecution claim is dismissed without prejudice.

### D. Conspiracy

Plaintiff appears to be arguing that all Defendants conspired to execute the alleged unlawful search, seizure, and arrest against Plaintiff. Plaintiff's conspiracy claim does not allege facts showing, rather than merely asserting, a conspiracy.

To state a conspiracy claim, a plaintiff must allege some factual basis to support an agreement between the conspirators to violate the plaintiff's rights and concerted action by the conspirators. *Capogrosso v. Supreme Court of N.J.*, 588 F.3d 180, 185 (3d Cir. 2009); *Brown v. Deparlos*, 492 F. App'x 211, 215 (3d Cir. 2012) (noting that "the bare allegation of an agreement is insufficient to sustain a conspiracy claim"); *Desposito v. New Jersey*, No. 14-1641, 2015 WL 2131073, at *14 (D.N.J. May 5, 2015) (showing that two parties' actions had the same result insufficient to show conspiracy, conspiracy requires showing of actual agreement and concerted action). Plaintiff fails to plead facts of an actual agreement or concerted action. As such, he has failed to plead a conspiracy. Plaintiff's conspiracy claim is dismissed without prejudice.

### E. Ninth Amendment

Plaintiff raises a violation of the Ninth Amendment claim.

The Ninth Amendment states that "[t]he enumeration in the Constitution of certain rights shall not be construed to deny or disparage others retained by the people." This amendment does not independently create a constitutional right for purposes of stating a claim. *Schowengerdt v. United States*, 944 F.2d 483, 490 (9th Cir. 1991). "The Ninth Amendment is not a source of rights as such; it is simply a rule about how to read the Constitution." *San Diego County Gun Rights Committee v. Reno*, 98 F.3d 1121, 1125 (9th Cir. 1996) (quoting Laurence H. Tribe, American Constitutional Law 776 n.14 (2d ed. 1988)). *See Porter v. City of Davis Police Dept.*, 2007 WL 4463344, \* (E.D. Cal. Dec. 17, 2007); *Onyiuke v. New Jersey State Supreme Court*, 435 F. Supp. 2d 394, 409 (D.N.J. 2006) ("Plaintiff's Ninth Amendment claim could not withstand a motion to dismiss.").

Therefore, Plaintiff's claim against all Defendants under the Ninth Amendment is dismissed with prejudice.

### F. Fourteenth Amendment Right to Privacy

The Complaint alleges "invasion of privacy in violation of Plaintiff's [] Fourteenth Amendment Rights."

"The United States Constitution does not mention an explicit right to privacy and the United States Supreme Court has never proclaimed that such a generalized right exists." *C.N. v. Ridgewood Bd. of Educ.*, 430 F.3d 159, 178 (3d Cir. 2005). "The Supreme Court has, however, found certain 'zones of privacy' in the amendments to the Constitution." *Id.* These zones of privacy have provided the basis for two privacy interests protected under the Fourteenth Amendment. *Doe v. Luzerne Cnty.*, 660 F.3d 169, 175 (3d Cir. 2011). "The first privacy interest is the 'individual interest in avoiding disclosure of personal matters,' and the second is the 'interest in independence in making certain kinds of important decisions.'" *Id.* (quoting *C.N.*, 430 F.3d at 178).

The Complaint only alleges Plaintiff's right to privacy was violated. There are no facts alleged from which the Court can discern which right to privacy Plaintiff is alleging was violated. The Complaint fails to state a Fourteenth Amendment right to privacy claim upon which relief can be granted. As such, the claim is dismissed without prejudice.

### G.  Interstate Agreement on Detainers

Plaintiff's next alleges he "was deprived of his liberty pursuant to the invalidated commitment detainers pursuant to the Interstates Agreement on Detainers" ("IAD").

The IAD, to which New Jersey and the United States are parties, establishes procedures by which a member state, including the United States, may procure a prisoner from another member jurisdiction for trial. *See Alabama v. Bozeman*, 533 U.S. 146, 148 (2001). The IAD "may be triggered when the state in which the trial is to be had, the receiving state, lodges a 'detainer' with the state in which a prisoner is incarcerated, the sending state." *Diggs v. Owens*, 833 F.2d 439, 441 (3d Cir. 1987), *cert. denied*, 485 U.S. 979 (1988).

Plaintiff fails to allege any facts to support an IAD violation claim. Based on the Complaint, the Court is unable to discern what claim under the IAD Plaintiff is attempting to assert.

Even if Plaintiff did state facts to support an IAD violation claim, the proper remedy is dismissal of the charges, not monetary damages. *See Van Riper v. U.S. Marshall for the E. Dist. of Tenn.*, 815 F.2d 81, 81 (6th Cir. 1987) ("The district court held that because the IAD provides for the remedy of dismissal of the charges in case of a violation, no other remedy was implied. We also agree with this conclusion of the district court." (internal citations omitted)). The United States District Court for the District of New Jersey, in a decision that the Third Circuit affirmed in relevant part, has confirmed that the IAD does not provide a private cause of action. The District Court held, "in any event, because the IAD provides for administrative remedies in case of a

11

violation, *e.g.*, 18 U.S.C. Appendix III, Article 3(d) and Article 4(e), no private right of action is implied under the statute." *Jordan v. Cicchi*, No. 08-6088, 2010 WL 848809, at *11 (Mar. 9, 2010) (citation omitted), *aff'd in relevant part by* 428 F. App'x 195 (3d Cir. 2011) (per curiam). On appeal, the Third Circuit stated, "[F]or essentially the same reasons as those stated by the District Court in its opinions, we will affirm the District Court's disposition of the claims under the [IAD] . . . ." 428 F. App'x at 198. As such, Plaintiff's claim is dismissed with prejudice.

### H. Equal Protection

The Complaint alleges Defendants Lynch and Ciacci "deprived [Plaintiff] of Equal Protection of the Laws."

The Fourteenth Amendment's Equal Protection Clause provides that no State shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. A plaintiff raising an Equal Protection claim "must present evidence that s/he has been treated differently from persons who are similarly situated." *Renchenski v. Williams*, 622 F.3d 315, 337 (3d Cir. 2010) (internal citation omitted). In other words, a plaintiff must allege that (1) they are a member of a protected class; (2) they were treated differently from similarly situated individuals; and (3) the disparate treatment was based on their membership in the protected class. *See Kaul v. Christie*, 372 F. Supp. 3d 206, 254 (D.N.J. 2019); *see also Mascio v. Mullica Twp. Sch. Dist.*, Civ. No. 16-206, 2016 WL 4880511, at *3 (D.N.J. Sept. 13, 2016); *see also Keenan v. City of Phila.*, 983 F.2d 459, 465 (3d Cir. 1992).

The Complaint fails to allege any of the above required facts to support a Fourteenth Amendment Equal Protection claim. Plaintiff makes a conclusory statement that his Equal Protection rights were violated. Plaintiff's Fourteenth Amendment Equal Protection claim against Defendants Lynch and Ciacci is dismissed without prejudice.

### I. Official Capacity Claims

Plaintiff brings his claims against all of the Defendants in their official capacity. (ECF No. 1, at 8.)

The Eleventh Amendment of the United States Constitution protects an unconsenting state or state agency from a suit brought in federal court by one of its own citizens, regardless of the relief sought. *See Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54 (1996); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984); *Edelman v. Jordan*, 415 U.S. 651 (1974). "[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) (internal citations omitted); *Ali v Howard*, 353 F. App'x 667, 672 (3d Cir. 2009). Accordingly, § 1983 claims for monetary damages against a state official in his or her official capacity are barred by the Eleventh Amendment. *See id.* Thus, any official capacity claims against Defendants seeking monetary relief are barred by the Eleventh Amendment.

### IV. Conclusion

For the reasons stated above, the Complaint is dismissed without prejudice in its entirety pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A for failure to state a claim upon which relief may be granted.[3] Because it is conceivable Plaintiff may be able to supplement his pleading with facts sufficient to overcome the deficiencies noted herein, Plaintiff is granted leave to move to re-open this case and to file an amended complaint. An appropriate order follows.

---

[3] Because the Court dismissed all federal claims, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims. *See* 28 U.S.C. § 1367(c)(3) (stating that a district court may decline to exercise supplemental jurisdiction over a claim if the court "has dismissed all claims over which it has original jurisdiction.").

Dated: December 15, 2021

                                              */s/ Brian R. Martinotti*  
                                              **HON. BRIAN R. MARTINOTTI**  
                                              **UNITED STATES DISTRICT JUDGE**