<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| SAEED M. COUSAR, | : |
| Plaintiff, | : Case No. 2:21-14517 (BRM) (JSA) |
| v. | : **OPINION** |
| SEAN MORGAN, *et al.* | : |
| Defendants. | : |

Before the Court is Plaintiff *pro se* prisoner Saeed M. Cousar's ("Plaintiff") civil rights amended complaint ("Amended Complaint"), filed pursuant to 42 U.S.C. § 1983. (ECF No. 7.)

On December 15, 2021, after granting Plaintiff's application to proceed *in forma pauperis*, the court screened Plaintiff's Complaint for dismissal under 28 U.S.C. § 1915(e)(2)(B). (*See* ECF No. 5.) The Court dismissed Plaintiff's Ninth Amendment claim, Interstate Agreement on Detainers claim, and official capacity claims for monetary relief with prejudice. (ECF Nos. 5 & 6.) The Court dismissed the remainder of the Complaint without prejudice for failure to state a claim for relief and permitted Plaintiff to file an Amended Complaint if he could cure the deficiencies in his claims. (*Id.*)

Plaintiff's Amended Complaint was docketed on January 12, 2022. (ECF No. 7.) Plaintiff again raises claims against Defendants Jason Sluberski, Detective for Hudson County Prosecutor's Office; Investigator Sean Morgan, New York State police officer; Investigator Brian Huff, New York State police officer; Investigator Peter J. Ciacci, New York State police officer; and Melissa Lynch, Assistant District Attorney for Putnam County, New York. (*See id.*) Plaintiff, in his Amended Complaint, alleges Fourteenth Amendment due process violations, false arrest, Sixth

Amendment violation, Equal Protection violation, conspiracy, unlawful search, and various state law claims. (*Id.*)

At this time, the Court must review the Amended Complaint, pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, the Court concludes the Complaint should be dismissed in its entirety.

**I. BACKGROUND**

The Court construes the factual allegations of the Complaint as true for the purpose of this Opinion.

Plaintiff submits in March 2015 Trooper Jason Pugh of the New York State Police met with "Raymond Ill," who alleged "he was a victim of ID theft and the person responsible for this did this to hi[m] [once before] [] in 2000." (ECF No. 7, ¶ 19.) Plaintiff alleges Raymond Ill explained that he was recently receiving emails and telephone calls about wire transactions from his accounts and Chase Bank confirmed "several wire transfers from that account to another account with the name [Plaintiff] Saeed Cousar." (*Id.*, ¶ 20-21.) Raymond Ill explained to Trooper Pugh that [Plaintiff] was the "same person who was arrested in 2000 for stealing $75,000.00 by opening credit cards and buying a car in [Raymond] Ill's name." (*Id.*, ¶ 21.) Trooper Pugh then informed Defendant Morgan regarding Raymond Ill's grand larceny complaint. (*Id.*, ¶ 22.)

Plaintiff submits Defendant Morgan completed a report in which he noted that Petitioner was prosecuted in New Jersey for the 2000 arrest and his criminal record showed he was convicted of a felony and sentenced to state prison. (*Id.*, ¶¶ 22-24.) On March 10, 2015, after an inmate records search showed Petitioner was not incarcerated, Defendant Morgan contacted Assistant

2

Prosecutor Brian Stack and Detective Rachel McCaffrey, who "advised [Petitioner] was [currently] indicted for [unrelated] bank/wire fraud type charge[s] and his case [was] pending." (*Id.*, ¶ 26.) Plaintiff alleges that Defendant Morgan, Brian Stack, and Detective McCaffrey had a scheme to delay charges regarding Raymond Ill, to see if Plaintiff was convicted of those New Jersey charges. (*Id.*, ¶ 70.)

On March 12, 2015, Defendant Morgan "contacted Assistant District Attorney Chana Krauss to request a grand jury subpoena addressed to JP Morgan Chase for application records related to fraudulent transactions" and informed Raymond Ill they were going to focus on the JP Morgan Chase transactions. (*Id.*, ¶¶ 27-28.) Petitioner submits the following regarding information found during Defendant Morgan's investigation:

> July 21, 2015, [Defendant] Morgan received the Verizon Fios subpoena compliance [with] the documents in question show[ing] that the unlawful computer login occurred at 172 Culver Ave[nue] unit 205 Jersey City[,] NJ 07305 and the subscribers name is Natalie Ornelas.
>
> . . .
>
> On July 29, 2015 Raymond Ill contacted [Defendant] Morgan to report at least five additional attempts to open or modify credit on his credit card. He stated the calling parties provided a Georgia street address and a South Carolina phone number. [Defendant] Morgan stated it is [u]nclear how the attempts relate to the ongoing investigation.
>
> On July 29, 2015 [Defendant] Morgan contacted Denali Property Management, the manager for 172 Culver Ave[nue] ][p]roperty; she advised unit 205 is owned by Ramesh Khosla.
>
> On the same date [] [Defendant] Morgan was able to speak with Ramesh Khosla "telephonically", Khosla confirmed that he own[ed] unit 205 at 172 Culver Ave[nue]. He stated he has rented the unit to [Plaintiff] since about December 2014 [].
>
> [Defendant] Morgan mentioned to Khosla that there were at least [two] wire transfers from [Raymond] Ill's account to Khosla on

3

> 2/28/2015 and 3/2/2015 each for [$]2000[.00] with memo indicating "rent." Khosla state[d] he specifically recalls those attempted transfers because they were "recalled by the bank." He recalls being notified by the bank to "ask the sender to get in touch with the bank." He states he doesn't know if [Plaintiff] ever followed up with the bank.

(*Id.*, ¶¶ 29–34.)

Plaintiff submits that, in September 2015, Defendant Morgan prepared a search warrant. (*Id.*, ¶ 35.) Plaintiff alleges the October 2015 affidavit of probable cause was deficient and "[Defendant] Morgan[,] with reckless disregard of the truth[,] used a fabricated statement from Raymond III . . . that [Plaintiff] was the same person who used his information in 2000 for stealing [$]75,000 by opening up credit cards and buying a car in his name." (*Id.*, ¶¶ 52–53.) Plaintiff submits the fabricated statement "was not supported by evidence of any judgement of conviction that [Plaintiff] was convicted on any crime against Raymond Ill in 2000." (*Id.*, ¶ 54.) On October 15, 2015, Defendant Morgan, Defendant Huff, Defendant Stafanik, and Defendant Sluberski executed the search warrant at Plaintiff's home, located at 172 Culver Avenue Apartment 205, Jersey City, New Jersey. (*Id.*, ¶¶ 36, 48.) Plaintiff alleges these Defendants lacked probable cause for the search warranted because they "'improperly obtained search warrants by providing 'deliberately false information' and using 'unlawful' and 'fabricated' evidence." (*Id.*, ¶ 49.)

Plaintiff submits in December 2016 Defendant Ciacci began supervising the case and spoke with Defendant Lynch regarding the case. (*Id.*, ¶¶ 39-41.) On June 16, 2017, Defendant Ciacci was informed that Plaintiff had been sentenced to five years imprisonment in New Jersey state prison for identity theft charges. (*Id.*, ¶ 42.)

In January 2018, Defendants Huff and Ciacci interviewed Plaintiff, who denied knowing Raymond Ill or paying his landlord with a wire transfer. (*Id.*, ¶ 43.) Plaintiff submits the following took place after the interview:

4

> On March 12, 2018, [Defendant] Ciaccia spoke with [Defendant] Lynch regarding this case, she advised that she would review the case and respond with a decision on prosecution within the week.
>
> On March 22, 2018, [Defendant] Ciacci applied for an arrest warrant at the town of Putnam Valley Court which was granted by Hon[orable] Gina Capone for grand larceny 3rd and two counts of [i]dentity theft 1st. Arrest warrant was forwarded to ADA Lynch for extradition filing and was lodged with So[u]thern State Correctional Facility.
>
> On October 22, 2018, [Plaintiff] was extradited to New York and arrived in New York State the same day and was proceeded by [Defendant] Ciacci and after being booked [Plaintiff] was transported to Putnam Valley Court and arraigned by a Judge without an attorney present.
>
> On October 22, 2018, after being arraigned [Plaintiff] was transported to Putnam County Jail, in Putnam County New York where he [was] processed and detained.

(*Id.*, ¶¶ 44-47.) Plaintiff submits the arrest warrant "did not include an affidavit or sworn statement establishing probable cause. (*Id.*, ¶ 60.) Plaintiff argues when Defendant Ciacci applied for the arrest warrant he did not establish probable cause. (*Id.*, ¶ 61.) Plaintiff claims Defendant Ciacci's submissions that Plaintiff had electronically transferred funds from Raymond Ill's Chase account to pay his landlord rent were false because there was no evidence Plaintiff committed the alleged acts. (*Id.*, ¶¶ 61-65.)

Plaintiff submits that, in March 2018, Defendants Ciacci and Lynch conspired by coming up with false charges against him. (*Id.*, ¶ 73.) Plaintiff asserts the complaint was not supported by probable cause "because in view of the police report the statement from Ramesh Khosla was that he 'specifically recalls those attempted transfers' [and] there was no supporting statement or evidence that the alleged victim Raymond Ill suffered any los[s] and there was no statement identifying [Plaintiff] made any transfer." (*Id.*, ¶ 74.) Plaintiff alleges Defendant Lynch and Brian Stack, "who is part of another lawsuit," were "working together, strategizing, and in a single

minded effort agreeing to violate [Plaintiff's] 6th, 4th, and 14th Amendment rights . . . resulting in the unconstitutional arrest, prosecution, and conviction of [Plaintiff]." (*Id.*, ¶ 81.)

Plaintiff submits his prosecution in New York for grand larceny and identity theft exceed New York's criminal territorial jurisdiction. (*Id.*, ¶ 84.) Plaintiff also submits he was innocent of the alleged acts that were committed in New Jersey. (*Id.*) The Amended Complaint indicates the charges against Plaintiff were dismissed due to a jurisdictional issue, explaining "on February 3, 2021, the judgment is reversed, on the law, that branch of the [Plaintiff's] omnibus motion which was pursuant to CPL 20.20 to dismiss the superseding indictment for lack of territorial jurisdiction is granted, the superseding indictment is dismissed." (*Id.*, ¶ 87.)

## II. LEGAL STANDARD

### A. Standard for a Sua Sponte Dismissal

Per the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, *see* 42 U.S.C. § 1997e. The PLRA directs district courts to sua sponte dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to sua sponte screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) and 1915A because Plaintiff is a prisoner who is proceeding as indigent.

According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To

6

survive sua sponte screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Belmont v. MB Inv. Partners, Inc.*, 708 F.3d 470, 483 n.17 (3d Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678). Moreover, while pro se pleadings are liberally construed, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

### B. Section 1983 Actions

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

Therefore, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, the alleged deprivation was committed or caused by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

## III. DECISION

### A. Unlawful Search

Plaintiff again raises an unlawful search claim. (ECF No. 7, at 21-22.) Plaintiff claims on October 15, 2015, Defendants Huff, Morgan, and Sluberski unlawfully and without probable cause

executed a search warrant on Plaintiff's residence. (*Id.*, at 21.) Plaintiff's unlawful search claim in time-barred and again fails to state a plausible claim for relief.

Section 1983 claims are governed by the applicable state's statute of limitations for personal-injury claims. *Wallace v. Kato*, 549 U.S. 384, 387 (2007); *see also Cito v. Bridgewater Twp. Police Dep't*, 892 F.2d 23, 25 (3d Cir. 1989). Under New Jersey law, there is a two-year statute of limitations period for personal-injury torts. N.J. Stat. Ann. § 2A:14–2. Therefore, Plaintiff's § 1983 claims are governed by a two-year statute of limitations. *See Cito*, 892 F.2d at 25. The limitation period begins to run on the accrual date, which is governed by federal law. *Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009). Under federal law, a claim accrues when the facts which support the claim reasonably should have become known to the plaintiff. *Sameric Corp. v. City of Phila.*, 142 F.3d 582, 599 (3d Cir. 1998).

New Jersey law governs when accrual of a § 1983 claim may be delayed pursuant to the discovery rule and when a limitation period may be equitably tolled. *See Dique v. New Jersey State Police*, 603 F.3d 181, 185 (3d Cir. 2010). The discovery rule postpones a claim from accruing if a plaintiff is reasonably unaware that he has suffered an injury or, even though he is aware of the injury, that it was the fault of an identifiable person. *See Caravaggio v. D'Agostini*, 765 A.2d 182, 187 (N.J. 2001). "[E]quitable tolling may be applied where 'the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass' or where a plaintiff "has in some extraordinary way been prevented from asserting his rights," or where a plaintiff has timely asserted his rights mistakenly by either defective pleading or in the wrong forum. *Freeman v. State*, 788 A.2d 867, 880 (N.J. Super. Ct. App. Div.) (internal citations and quotations omitted). "[A]bsent a showing of intentional inducement or trickery by a defendant, the doctrine of equitable

8

tolling should be applied sparingly and only in the rare situation where it is demanded by sound legal principles as well as the interests of justice." *Id.*

Plaintiff's unlawful search claim accrued, and the limitation period began to run, at the time Plaintiff was injured in 2015. *Mujaddid v. Wehling*, 663 F. App'x 115, 119 (3d Cir. 2016) (explaining unlawful search claims accrue at the time of injury); *Rolax v. Whitman*, 53 F. App'x 635, 637 (3d Cir. 2002) (unlawful search claim accrues at time of search). This claim was not raised until August 2021. Therefore, Plaintiff's claim appears well and truly time barred and will be dismissed without prejudice as such.[1]

In addition to being time-barred, Plaintiff's allegation fails to state a plausible claim for relief. The Fourth Amendment provides, in pertinent part, that "[t]he right of the people to be secure in their persons, houses, papers and effects, against unreasonable search and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause." U.S. Const. amend IV. As such, "a search or seizure conducted without a warrant or probable cause may form the basis of a § 1983 claim based on the Fourth Amendment." *Castro v. Perth Amboy Police Dept.*, 2014 WL 229301, at *2 (D.N.J. Jan. 21, 2014) (citing *Reedy v. Evanson*, 615 F.3d 197 (3d Cir. 2010)).

---

[1] Plaintiff argues that the actions were conducted in "New York State therefore the tort and statute of limitations falls under the State of New York." (ECF No. 7, at 22.) The Court need not determine if New Jersey or New York statute of limitations applies, because Plaintiff's unlawful search claim is barred under both limitation periods. "The statute of limitations for actions under § 1983 is the statute of limitations applicable to personal injuries occurring in the state in which the appropriate federal court sits." *Dory v. Ryan*, 999 F.2d 679, 681 (2d Cir. 1993). When that state has multiple limitations periods for different personal injury claims, federal courts should apply the "general or residual" limitations period. *Pearl v. City of Long Beach*, 296 F.3d 76, 79 (2d Cir. 2002) (quoting *Owens v. Okure*, 488 U.S. 235, 249-50 (1989)). The residual limitations period in New York State is three years. N.Y. C.P.L.R. § 214(5); *see also Pearl*, 296 F.3d at 80. Under New York's three years limitations period, Plaintiff's claim was required to be filed within three years of the October 2015 search. Plaintiff's unlawful search claim, which was filed in 2021, is time-barred under both New York and New Jersey statute of limitation periods.

Plaintiff alleges the search was unlawful because the warrant lacked probable cause. Plaintiff claims the affidavit of probable cause was deficient and "[Defendant] Morgan[,] with reckless disregard of the truth[,] used a fabricated statement from Raymond Ill . . . that [Plaintiff] was the same person who used his information in 2000 for stealing [$]75,000 by opening up credit cards and buying a car in his name." (*Id.*, ¶ 53.) Plaintiff submits the fabricated statement "was not supported by evidence of any judgement of conviction that [Plaintiff] was convicted on any crime against Raymond Ill in 2000." (*Id.*, ¶ 54.)

However, the record provided by Plaintiff does not support his allegation that Defendant showed "reckless disregard for the truth" and submitted a "fabricated statement." Plaintiff attached to his amended complaint a signed statement from Raymond Ill in which he informed Defendant Morgan that he was the victim of identity theft at the hands of Plaintiff in 2000. (ECF No. 7, at 45.) Plaintiff offers nothing to show why Defendant Morgan would have thought this was a false statement. Plaintiff also fails to offer an argument regarding why this statement was false. Plaintiff simply asserts it is false.

Additionally, assuming, *arguendo*, that the statement is false, the application for a search warrant contained sufficient probable cause without that statement. The application noted that J.P. Morgan Chase bank records revealed someone was logging in to Raymond Ill's account from IP address 100.1.89.122 (ECF No. 7, at 60.). Documents from Verizon Fios showed IP address 100.1.89.122 returned to 172 Culver Avenue, Apartment 205, Jersey City, New Jersey. (*Id.*, at 61.) Bank records from J.P. Morgan Chase showed on February 28, 2015, "a transfer of $2000 from 'Raymond P. Ill' was made to 'landlord (sic)', [t]he recipient email was ramesh@prkbuilder.com." (*Id.*, at 61.) On March 2, 2015, "an additional transfer of $2000 from 'Raymond P. Ill' was made to 'landlord (sic)," [t]he recipient email was ramesh@prkbuilder.com." (*Id.*) The application for

10

the search warrant further explained www.prkbuilder.com is a contracting firm who does business in 172 Culver Avenue, Jersey City, which is the same building Plaintiff's apartment was in. Additionally, the contracting firm's principal was Ramesh Khosla. (*Id.*) In July 2015, Ramesh Khosla informed Defendant Morgan, Plaintiff was a tenant 172 Culver Avenue, Apartment 205 since December 2014 and had attempted twice to pay his rent with wire transfers, which were recalled by the bank. (*Id.*, at 62.)

The record supplied by Plaintiff shows sufficient probable cause for the issuance of the search warrant. Accordingly, the claim for unlawful search against Defendants Huff, Morgan, and Sluberski is dismissed without prejudice.

**B. False Arrest**

Plaintiff again raises a false arrest claim against all Defendants. (ECF No. 7, at 18.) Plaintiff claims the Defendants "while acting individually, jointly, and in conspiracy, as well as under color of law and within the scope of their employment, caused Plaintiff to be falsely arrested in violation of his constitutional rights." (*Id.*) Plaintiff's false arrest claim again fails to state a plausible claim for relief.

The elements of a false-arrest claim are (1) that an arrest occurred; and (2) that the arrest was made without probable cause. *See Groman v. Twp. of Manalapan*, 47 F.3d 628, 634 (3d Cir. 1995). "Probable cause to arrest exists where the arresting officer has knowledge of facts and circumstances sufficient to permit a prudent person of reasonable caution to believe that the person arrested has committed an offense." *Young v. City of Hackensack*, No. 04-2011, 2005 WL 1924327, at *3 (D.N.J. Aug. 11, 2005), aff'd, 178 F. App'x. 169 (3d Cir. 2006). Generally speaking, a facially valid warrant establishes probable cause for an arrest and indicates that officer's arrest was objectively reasonable. *See Young*, 178 F. App'x. at 171–72 (affirming grant

of summary judgment to defendants in false arrest § 1983 case on basis of probable cause and qualified immunity where warrant "appears on its face to be valid.").

Where a plaintiff is arrested pursuant to a facially valid warrant, however, a court may only find probable cause lacking if the arresting officer "knowingly and deliberately, or with a reckless disregard for the truth, made false statements or omissions that create a falsehood in applying for a warrant" and "such statements or omissions [were] material, or necessary, to the finding of probable cause." *Wilson v. Russo*, 212 F.3d 781, 786–87 (3d Cir. 2000) (citing *Sherwood v. Mulvihill*, 113 F.3d 396, 399 (3d Cir. 1997)); *see also Eckman v. Lancaster City*, 529 F. App'x 185, 186 (3d Cir. 2013). An officer makes an assertion with reckless disregard for the truth "when viewing all the evidence, [the officer] must have entertained serious doubts as to the truth of his statements or had obvious reasons to doubt the accuracy of the information he reported." *Wilson*, 212 F.3d at 788.

Here, Plaintiff alleges his arrest warrant "did not include an affidavit or sworn statement establishing probable cause." (ECF No. 7, ¶ 60.) Plaintiff claims Defendant Ciacci "did not establish probable cause, because in viewing the police report [it] did not set forth facts giving rise to probable cause." (*Id.*, ¶ 61.) Plaintiff further alleges Defendant Ciacci's complaint was false "because there was no supporting evidence from his investigation that [Plaintiff] committed the alleged acts." (*Id.*, ¶ 63.) The Amended Complaint also alleges the Defendants "manufactured fabricated statements," namely the statement from Raymond Ill "that [Plaintiff] was the same person arrested in 2000 according to Ill for stealing [$]75,000 by opening credit cards and buying a car in Ill's name when there is no history of any such arrest or conviction." (*Id.*, ¶ 67.)

Plaintiff attached the complaint for an arrest warrant to his Amended Complaint. That complaint for an arrest warrant shows Defendant Ciacci did not submit Raymond Ill's claim that

Plaintiff previously stole his identity in 2000 as a reason for the arrest warrant. Rather, Defendant Ciacci submitted that Plaintiff intentionally, knowingly, and unlawfully stole $2,000.00 and $2,000.00 from Raymond Ill's Chase bank account to pay his landlord rent, at 172 Culver Avenue, Until 205, Jersey City, New Jersey. (*See* ECF No. 7, at 38, 41.)

Assuming, *arguendo*, Defendant Ciacci had presented Raymond Ill's statement and it was false, the Court still finds the arrest warrant provided probable cause. Raymond Ill's statement was not "material, or necessary, to the finding of probable cause." *Wilson*, 212 F.3d at 786–87. As explained above, Defendant Morgan's search warrant application detailed that the J.P. Morgan Chase bank records showed two transfers of $2,000.00 from Raymond Ill's account, which were to "landlord" at ramesh@prkbuilder.com. Ramesh Khosla confirmed that he was Plaintiff's landlord at 172 Culver Avenue, and Plaintiff attempted to pay his rent with two $2,000.00 wire transfers. (*Id.*, at 61-62.) Plaintiff was arrested based on an arrest warrant that was found to have probable cause and Plaintiff has not alleged facts that would undermine that finding of probable cause. Plaintiff has failed to state a plausible claim for relief. Plaintiff false arrest claim is therefore dismissed without prejudice as to all Defendants.

**C. Malicious Prosecution**

Plaintiff only explicitly raises a state law malicious prosecution claim. However, if Plaintiff intended to raise a malicious prosecution claim pursuant to § 1983 against Defendant Lynch and Defendant Ciacci, he has failed to adequately state a claim for relief.

As explained in this Court's prior Opinion, malicious prosecution claims raised pursuant to § 1983 arise out of the protections enshrined in the Fourth Amendment. *Halsey v. Pfeiffer*, 750 F.3d 273, 296–97 (3d Cir. 2014). To state a claim for malicious prosecution, a plaintiff must allege the following elements:

> (1) the defendant initiated a criminal proceeding; (2) the criminal proceeding ended in [the plaintiff's] favor; (3) the defendant initiated the proceeding without probable cause; (4) the defendant acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered [a] deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding.

*Id.* (internal citations omitted).

A requirement for bringing a malicious prosecution claim is that the criminal proceedings must be terminated in Plaintiff's favor. *Id.* Indeed, a cause of action for malicious prosecution does not accrue, and the statute of limitations does not begin to run, until the plaintiff has received a favorable termination. *See Heck v. Humphrey*, 512 U.S. 477, 489–90 (1994). The favorable termination element is only satisfied if the criminal case was "disposed of in a way that indicates the innocence of the accused." *Kossler v. Crisanti*, 564 F.3d 181, 187 (3d Cir. 2009). "The purpose of the favorable termination requirement is to avoid 'the possibility of the claimant succeeding in the tort action after having been convicted in the underlying criminal prosecution, in contravention of a strong judicial policy against the creation of two conflicting resolutions arising out of the same or identical transaction.'" *Id.* (alteration omitted) (quoting *Heck*, 512 U.S. at 484.)

Plaintiff submits his prosecution in New York for grand larceny and identity theft exceed New York's criminal territorial jurisdiction. (ECF No. 7, ¶ 84.) Plaintiff also submits he was innocent of the alleged acts that were committed in New Jersey. (*Id.*) Plaintiff submits the state court reversed the judgment against him, finding "the judgment is reversed, on the law, that branch of the [Plaintiff's] omnibus motion which was pursuant to CPL 20.20 to dismiss the superseding indictment for lack of territorial jurisdiction is granted, the superseding indictment is dismissed." (*Id.*, ¶ 87.) The Court finds the state court's determination that there was no territorial jurisdiction is not a showing that Plaintiff's conviction was "disposed of in a way that indicates the innocence

of the accused." *Kossler*, 564 F.3d at 187. Plaintiff fails to meet the favorable termination requirement required to state a claim for malicious prosecution. Plaintiff's malicious prosecution claim is dismissed without prejudice.

### D. Conspiracy

The Court construes the Amended Complaint as asserting conspiracy claims under § 1983 and § 1985.[2] Plaintiff appears to be arguing that all Defendants conspired to execute the alleged unlawful search, seizure, and arrest against Plaintiff.

Plaintiff submits Defendants Ciacci and Lynch conspired by coming up with false charges against him. (ECF No. 7, ¶ 73.) Plaintiff asserts the complaint was not supported by probable cause "because in view of the police report the statement from Ramesh Khosla was that he 'specifically recalls those attempted transfers' there was no supporting statement or evidence that the alleged victim Raymond Ill suffered any los[s] and there was no statement identifying [that] [Plaintiff] made any transfer."[3] (*Id.*, ¶ 74.) Plaintiff also alleges Defendant Lynch and Brian Stack "who is part of another lawsuit" were "working together, strategizing, and in a single[-]minded effort agreeing to violate [Plaintiff's] 6th, 4th, and 14th Amendment rights . . . resulting in the unconstitutional arrest, prosecution, and conviction of [Plaintiff]." (*Id.*, ¶ 81.)

---

[2] Section 1985(1), which concerns conspiracies to prevent an officer from performing duties, and § 1985(2), which "prohibits conspiracies to retaliate against parties or witnesses in any United States Court," *Kane v. Chester Cty.*, 811 F. App'x 65, 71 (3d Cir. 2020), have no relevance here, so the Court will analyze Plaintiff's claims under § 1985(3).

[3] The Court notes Plaintiff's assertion that there was no statement identifying Plaintiff as the individual who made a transfer is incorrect. Defendant Morgan's search warrant affidavit provided supporting evidence through J.P. Morgan Chase bank records that showed two transfers of $2,000.00 from Raymond Ill's account, which were to "landlord" at ramesh@prkbuilder.com. Ramesh Khosla confirmed that he was the Plaintiff's landlord at 172 Culver Avenue, and Plaintiff attempted to pay his rent with two $2,000.00 wire transfers. (*Id.*, at 61–62.)

To prove a civil rights conspiracy claim, Plaintiff must show that he suffered an actual deprivation of his constitutional rights. *See Ridgewood Bd. Of Educ. v. N.E. ex rel. M.E.*, 172 F.3d 238, 254 (3d Cir. 1999) ("In order to prevail on a conspiracy claim under § 1983, a plaintiff must prove that persons acting under color of state law conspired to deprive him of a federally protected right."); *Fioriglio v. City of Atlantic City*, 996 F. Supp. 379, 385 (D.N.J. 1998) ("[A] § 1983 conspiracy claim is not actionable without an actual violation of § 1983."). Here, Plaintiff's conspiracy claim relies on his underlying unlawful search, false arrest, and malicious prosecution claim. Since he fails to state a claim for unlawful search, false arrest and malicious prosecution, the § 1983 conspiracy claim fails as well and is dismissed without prejudice.

> [T]o state a claim under 42 U.S.C. § 1985(3), a plaintiff must allege (1) a conspiracy; (2) motivated by a racial or class based discriminatory animus designed to deprive, directly or indirectly, any person or class of persons to the equal protection of the laws; (3) an act in furtherance of the conspiracy; and (4) an injury to person or property or the deprivation of any right or privilege of a citizen of the United States.

*Lake v. Arnold*, 112 F.3d 682, 685 (3d Cir. 1997); *Farber v. City of Paterson*, 440 F.3d 131, 136 (3d Cir. 2006) (explaining that "§ 1985(3) defendants must have allegedly conspired against a group that has an identifiable existence independent of the fact that its members are victims of the defendants' tortious conduct"). For the reasons stated above, Plaintiff fails to adequately plead that his rights were violated based on unlawful search, false arrest and malicious prosecution. Therefore, Plaintiff has not provided facts to show a deprivation of right as required for § 1985(3) conspiracy claim. Accordingly, this claim is dismissed without prejudice

### E. Equal Protection

The Complaint alleges the Defendants "deprived [Plaintiff] of equal protection of the laws in violation of his constitutional rights." (ECF No. 7, ¶ 131.) Plaintiff alleges the Defendants

participated in misconduct of "abusing minority criminal suspect[s] in a manner oppress[ive] and secure unjust convictions, [s]aid misconduct was motivated by racial animus and constituted purposeful discrimination." (*Id.*, ¶ 133.)

The Fourteenth Amendment's Equal Protection Clause provides that no State shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. A plaintiff raising an equal protection claim "must present evidence that s/he has been treated differently from persons who are similarly situated." *Renchenski v. Williams*, 622 F.3d 315, 337 (3d Cir. 2010) (internal citation omitted). In other words, a plaintiff must allege that (1) they are a member of a protected class; (2) they were treated differently from similarly situated individuals; and (3) the disparate treatment was based on their membership in the protected class. *See Kaul v. Christie*, 372 F. Supp. 3d 206, 254 (D.N.J. 2019); *see also Mascio v. Mullica Twp. Sch. Dist.*, Civ. No. 16-206, 2016 WL 4880511, at *3 (D.N.J. Sept. 13, 2016); *see also Keenan v. City of Phila.*, 983 F.2d 459, 465 (3d Cir. 1992).

The Complaint fails to allege the required facts to support a Fourteenth Amendment equal protection claim. Plaintiff does appear to claim he is a member of a minority protected class. However, Plaintiff fails to submit facts to show individuals that are not members of Plaintiff's protected class were treated differently in cases involving identity theft and grand larceny. Plaintiff's Fourteenth Amendment equal protection claim is dismissed without prejudice.

**F. Due Process**

Plaintiff claims Defendants violated his due process rights by depriving him of his constitutional right to a fair trial. (ECF No. 7, ¶ 115.) Plaintiff alleges Defendants withheld exculpatory evidence and fabricated false reports, misleading his criminal prosecution. (*Id.*, ¶ 116.)

To the extent Plaintiff seeks to assert his unlawful search, false arrest, and malicious prosecution claims under the Due Process Clause of the Fourteenth Amendment, this is unavailing. *See, e.g., Bergdoll v. City of York*, 515 F. App'x 165, 170 (3d Cir. 2013) (stating that the plaintiff's "Fourteenth Amendment substantive due process claim fails because her claims of excessive force, false arrest, and malicious prosecution are cognizable under the Fourth Amendment, and when government behavior is governed by a specific constitutional amendment, due process analysis is inappropriate") (internal quotation marks and citation omitted); *Meketa v. Kamoie*, 955 F. Supp. 2d 345, 365 (M.D. Pa. 2013) ("[W]here the core of a plaintiff's claim arises from allegations of unlawful arrest, imprisonment, or prosecution, courts are directed to analyze those claims through the prism of the Fourth and not the Fourteenth Amendment.").

The Court has reviewed Plaintiff's unlawful search, false arrest, and malicious prosecution claims above and found Plaintiff has failed to state a claim for relief. As such, Plaintiff's due process claim is dismissed without prejudice.

A criminal defendant may also have a stand-alone fabricated evidence claim against state actors under the Due Process Clause of the Fourteenth Amendment where there is a reasonable likelihood that, absent that fabricated evidence, officers would not have criminally charged the defendant. *Black v. Montgomery Cty.*, 835 F.3d 358, 371 (3d Cir. 2016). However, there is a "notable bar" for evidence to be considered "fabricated." *Id.* Evidence "that is incorrect or simply disputed should not be treated as fabricated merely because it turns to have been wrong." *Id.* (citation omitted). Instead, a plaintiff must allege facts suggesting that the proponents of the evidence are aware that evidence is incorrect or that the evidence is offered in bad faith. *See id.*

Plaintiff does not specify to what fabricated false reports he is referring. However, if Plaintiff is referring to the submission in Defendant Morgan's affidavit of probable cause that

18

Raymond Ill stated Plaintiff was the same person who stole Ill's identity in 2000, that statement does not qualify as "fabricated." As explained above, Plaintiff attached to his amended complaint a signed statement from Raymond Ill, in which he informed Defendant Morgan that he was the victim of identity theft at the hands of Plaintiff in 2000. (ECF No. 7, at 45.) That evidence is not fabricated simply because Plaintiff claims it is incorrect. *Black*, 835 F.3d at 371. Therefore, the claim regarding fabrication of evidence is dismissed without prejudice.

### G. Sixth Amendment

Finally, Plaintiff alleges Defendants violated his Sixth Amendment rights. (ECF No. 7, ¶¶ 128-130.) Plaintiff asserts, "Defendants, all while acting individually, jointly, and in conspiracy, as well as under color of law and within the scope of their employment, denied Plaintiff his rights to counsel at his arraignment in violation of his constitutional rights." (*Id.*, ¶ 128.)

Plaintiff fails to explain how any particular Defendant was personally or directly involved in his arraignment. Additionally, Plaintiff fails to assert any facts relevant to his arraignment and fails to elaborate on how his right to the effective assistance of counsel was violated. Consequently, the Court disregards the Amended Complaint's "naked assertions devoid of further factual enhancement" and "threadbare recitals of the elements of a cause of action, supported merely by conclusory statement," *Iqbal*, 556 U.S. at 676-78, and dismisses Plaintiff's Sixth Amendment claim against all Defendants without prejudice, for failure to state a claim.

### IV. CONCLUSION

For the reasons stated above, the Amended Complaint is dismissed without prejudice in its entirety pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A for failure to state a claim upon which

relief may be granted.[4] Because it is conceivable Plaintiff may be able to supplement his pleading with facts sufficient to overcome the deficiencies noted herein, the Court will grant Plaintiff leave to move to re-open this case and to file a second amended complaint. An appropriate order follows.

Dated: March 8, 2022

                                                   */s/ Brian R. Martinotti*
                                                 **HON. BRIAN R. MARTINOTTI**
                                                 **UNITED STATES DISTRICT JUDGE**

---

[4] Because the Court dismissed all federal claims, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims. *See* 28 U.S.C. § 1367(c)(3) (a district court may decline to exercise supplemental jurisdiction over a claim if the court "has dismissed all claims over which it has original jurisdiction.").