<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| SAEED M. COUSAR,<br><br>                    Plaintiff,<br><br>                    v.<br><br>SEAN MORGAN, *et al.*<br><br>                    Defendants.<br>. | Case No. 2:21-14517 (BRM) (JSA)<br><br>**OPINION** |

**MARTINOTTI, DISTRICT JUDGE**

Before the Court is Plaintiff *pro se* prisoner Saeed M. Cousar's ("Plaintiff") second amended complaint ("Second Amended Complaint"), filed pursuant to 42 U.S.C. § 1983. (ECF No. 10.)

On December 15, 2021, after granting Plaintiff's application to proceed *in forma pauperis*, the court screened Plaintiff's Complaint for dismissal under 28 U.S.C. § 1915(e)(2)(B). (Op. (ECF No. 5).) The Court dismissed Plaintiff's Ninth Amendment claim, Interstate Agreement on Detainers claim, and official capacity claims for monetary relief with prejudice. (Order (ECF No. 6).) The Court dismissed the remainder of the Complaint without prejudice for failure to state a claim for relief and permitted Plaintiff to file an Amended Complaint if he could cure the deficiencies in his claims. (*Id.*)

On January 12, 2022, Plaintiff filed an Amended Complaint. (ECF No. 7.) The Court dismissed Plaintiff's Amended Complaint without prejudice for failure to state a claim for relief and permitted Plaintiff to file a Second Amended Complaint if he could cure the deficiencies in his claims. (Order (ECF No. 9).)

On April 8, 2022, Plaintiff filed his Second Amended Complaint. (*See* ECF No. 10.) Plaintiff again raises claims against Defendants Jason Sluberski, Detective for Hudson County Prosecutor's Office; Investigator Sean Morgan, New York State police officer; Investigator Brian Huff, New York State police officer; Investigator Peter J. Ciacci, New York State police officer, and Melissa Lynch, Assistant District Attorney for Putnam County, New York. (*See id.*) Plaintiff's Second Amended Complaint alleges Fourteenth Amendment due process violations, unlawful search, false arrest, malicious prosecution, an Equal Protection violation, conspiracy, and various state law claims. (*Id.*)

At this time, the Court must review the Second Amended Complaint, pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, the Court concludes the Complaint should be **DISMISSED** in its entirety.

## I.   BACKGROUND

The Court construes the factual allegations of the Second Amended Complaint as true for the purposes of this Opinion. The Second Amended Complaint fails to submit detailed factual allegations. The Court previously summarized Plaintiff's allegation as follows:

> Plaintiff submits in March 2015 Trooper Jason Pugh of the New York State Police met with "Raymond Ill," who alleged "he was a victim of ID theft and the person responsible for this did this to hi[m] [once before] [] in 2000." (ECF No. 7 ¶ 19.) Plaintiff alleges Raymond Ill explained that he was recently receiving emails and telephone calls about wire transactions from his accounts and Chase Bank confirmed "several wire transfers from that account to another account with the name [Plaintiff] Saeed Cousar." (*Id.* ¶¶ 20-21.) Raymond Ill explained to the Trooper Pugh that [Plaintiff] was the "same person who was arrested in 2000 for stealing $75,000.00 by opening credit cards and buying a car in [Raymond] Ill's name." (*Id.*

¶ 21.) Trooper Pugh then informed Defendant Morgan regarding Raymond Ill's grand larceny complaint. (*Id.* ¶ 22.)

Plaintiff submits Defendant Morgan completed a report in which he noted that Petitioner was prosecuted in New Jersey for the 2000 arrest and his criminal record showed he was convicted of a felony and sentenced to state prison. (*Id.* ¶¶ 22-24.) On March 10, 2015, after an inmate records search showed Petitioner was not incarcerated, Defendant Morgan contacted Assistant Prosecutor Brian Stack and Detective Rachel McCaffrey, who "advised [Petitioner] was [currently] indicted for [unrelated] bank/wire fraud type charge[s] and his case [was] pending." (*Id.* ¶ 26.) Plaintiff alleges that Defendant Morgan, Brian Stack, and Detective McCaffrey had a scheme to delay charges regarding Raymond Ill, to see if Plaintiff was convicted of those New Jersey charges. (*Id.* ¶ 70.)

On March 12, 2015, Defendant Morgan "contacted Assistant District Attorney Chana Krauss to request a grand jury subpoena addressed to JP Morgan Chase for application records related to fraudulent transactions" and informed Raymond Ill they were going to focus on the JP Morgan Chase transactions. (*Id.* ¶¶ 27-28.) Petitioner submits the following regarding information found during Defendant Morgan's investigation:

> July 21, 2015, [Defendant] Morgan received the Verizon Fios subpoena compliance [with] the documents in question show[ing] that the unlawful computer login occurred at 172 Culver Ave[nue] unit 205 Jersey City[,] NJ 07305 and the subscribers name is Natalie Ornelas.
>
> . . .
>
> On July 29, 2015 Raymond Ill contacted [Defendant] Morgan to report at least five additional attempts to open or modify credit on his credit card. He stated the calling parties provided a Georgia street address and a South Carolina phone number. [Defendant] Morgan stated it is [u]nclear how the attempts relate to the ongoing investigation.
>
> On July 29, 2015 [Defendant] Morgan contacted Denali Property Management, the manager for 172 Culver Ave[nue] ][p]roperty; she advised unit 205 is owned by Ramesh Khosla.

> On the same date [] [Defendant] Morgan was able to speak with Ramesh Khosla "telephonically", Khosla confirmed that he own[ed] unit 205 at 172 Culver Ave[nue]. He stated he has rented the unit to [Plaintiff] since about December 2014 [].
>
> [Defendant] Morgan mentioned to Khosla that there were at least [two] wire transfers from [Raymond] Ill's account to Khosla on 2/28/2015 and 3/2/2015 each for [$]2000[.00] with memo indicating "rent." Khosla state[d] he specifically recalls those attempted transfers because they were "recalled by the bank." He recalls being notified by the bank to "ask the sender to get in touch with the bank." He states he doesn't know if [Plaintiff] ever followed up with the bank.

(*Id.* ¶¶ 29-34.)

Plaintiff submits in September 2015 Defendant Morgan prepared a search warrant. (*Id.* ¶ 35.) Plaintiff alleges the October 2015 affidavit of probable cause was deficient and "[Defendant] Morgan[,] with reckless disregard of the truth[,] used a fabricated statement from Raymond III . . . that [Plaintiff] was the same person who used his information in 2000 for stealing [$]75,000 by opening up credit cards and buying a car in his name." (*Id.* ¶¶ 52-53.) Plaintiff submits the fabricated statement "was not supported by evidence of any judgement of conviction that [Plaintiff] was convicted on any crime against Raymond Ill in 2000." (*Id.* ¶ 54.) On October 15, 2015, Defendant Morgan, Defendant Huff, Defendant Stafanik, and Defendant Sluberski executed the search warrant at Plaintiff's home, located at 172 Culver Avenue Apartment 205, Jersey City, New Jersey. (*Id.* ¶¶ 36, 48.) Plaintiff alleges these Defendants lacked probable cause for the search warranted because they "'improperly obtained search warrants by providing 'deliberately false information' and using 'unlawful' and 'fabricated' evidence." (*Id.* ¶ 49.)

Plaintiff submits in December 2016 Defendant Ciacci began supervising the case and spoke with Defendant Lynch regarding the case. (*Id.* ¶¶ 39-41.) On June 16, 2017, Defendant Ciacci was informed that Plaintiff had been sentenced to five years imprisonment in New Jersey state prison for identity theft charges. (*Id.* ¶ 42.)

In January 2018, Defendants Huff and Ciacci interviewed Plaintiff, who denied knowing Raymond Ill or paying his landlord with a wire transfer. (*Id.* ¶ 43.) Plaintiff submits the following took place after the interview:

> On March 12, 2018, [Defendant] Ciaccia spoke with [Defendant] Lynch regarding this case, she advised that she would review the case and respond with a decision on prosecution within the week.

> On March 22, 2018, [Defendant] Ciacci applied for an arrest warrant at the town of Putnam Valley Court which was granted by Hon[orable] Gina Capone for grand larceny 3rd and two counts of [i]dentity theft 1st. Arrest warrant was forwarded to ADA Lynch for extradition filing and was lodged with So[u]thern State Correctional Facility.

> On October 22, 2018, [Plaintiff] was extradited to New York and arrived in New York State the same day and was proceeded by [Defendant] Ciacci and after being booked [Plaintiff] was transported to Putnam Valley Court and arraigned by a Judge without an attorney present.

> On October 22, 2018, after being arraigned [Plaintiff] was transported to Putnam County Jail, in Putnam County New York where he [was] processed and detained.

(*Id.* ¶¶ 44-47.) Plaintiff submits the arrest warrant "did not include an affidavit or sworn statement establishing probable cause." (*Id.* ¶ 60.) Plaintiff argues when Defendant Ciacci applied for the arrest warrant he did not establish probable cause. (*Id.* ¶ 61.) Plaintiff claims Defendant Ciacci's submissions that Plaintiff had electronically transferred funds from Raymond Ill's Chase account to pay his landlord rent were false because there was no evidence Plaintiff committed the alleged acts. (*Id.* ¶¶ 61-65.)

Plaintiff submits in March 2018, Defendants Ciacci and Lynch conspired by coming up with false charges against him. (*Id.* ¶ 73.) Plaintiff asserts the complaint was not supported by probable cause "because in view of the police report the statement from Ramesh Khosla was that he 'specifically recalls those attempted transfers' [and] there was no supporting statement or evidence that the alleged victim Raymond Ill suffered any los[s] and there was no statement

> identifying [Plaintiff] made any transfer." (*Id.* ¶ 74.) Plaintiff alleges Defendant Lynch and Brian Stack "who is part of another lawsuit" were "working together, strategizing, and in a single minded effort agreeing to violate [Plaintiff's] 6th, 4th, and 14th Amendment rights . . . resulting in the unconstitutional arrest, prosecution, and conviction of [Plaintiff]." (*Id.* ¶ 81.)
>
> Plaintiff submits his prosecution in New York for grand larceny and identity theft exceed New York's criminal territorial jurisdiction. (*Id.* ¶ 84.) Plaintiff also submits he was innocent of the alleged acts that were committed in New Jersey. (*Id.*) The Amended Complaint indicates the charges against Plaintiff were dismissed due to a jurisdictional issue, explaining "on February 3, 2021, the judgment is reversed, on the law, that branch of the [Plaintiff's] omnibus motion which was pursuant to CPL 20.20 to dismiss the superseding indictment for lack of territorial jurisdiction is granted, the superseding indictment is dismissed." (*Id.* ¶ 87.)

(Op. (ECF No. 8 at 2-6).)

Plaintiff's Second Amended Complaint submits that Defendants Morgan and Suberski submitted an affidavit that did not provide information regarding whether Plaintiff committed criminal activity in the home. (ECF No. 10 ¶ 20.) Plaintiff claims the affidavit submitted that the IP address from 172 Culver Avenue, Jersey City, New Jersey, was in a woman's name but never mentioned whether Plaintiff was involved in fraud against Raymond Ill. (*Id.*) Plaintiff now submits he was:

> [U]naware that he suffered a[n] injury on October 15, 2015 and that it was the fault of the New York State Police and the Hudson County Prosecutor's Office because on October 15, 2015 Plaintiff [] was not home during the search, but he came home later to find his apartment door was kicked in and his home had been [ransacked] with mattresses moved and everything pulled out of his drawers and storage bins, including his clothing and intimate apparel. No documentation or note was left behind to inform [Plaintiff] that New York State police had searched it.

(*Id.* ¶ 21.) The Second Amended Complaint submits that Plaintiff was not made aware of the search until December 12, 2019, when Putnam County Legal Aid informed him of the search. (*Id.*)

Plaintiff claims the warrant was illegally obtained because "it was based upon extra-jurisdictional observations of [Plaintiff's] home by New York State Police." (*Id.* ¶ 24.)

## II.   LEGAL STANDARD

Per the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, *see* 42 U.S.C. § 1997e. The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) and 1915A because Plaintiff is a prisoner who is proceeding as indigent.

According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive *sua sponte* screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Belmont v. MB Inv. Partners, Inc.*, 708 F.3d 470, 483 n.17 (3d Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678). Moreover, while pro se pleadings are liberally construed, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

Therefore, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, the alleged deprivation was committed or caused by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

### III.   DECISION

#### A.   Unlawful Search

Plaintiff again raises an unlawful search claim. (ECF No. 10, at 1.) Plaintiff claims on October 15, 2015, Defendants Huff, Morgan, and Sluberski unlawfully and without probable cause executed a search warrant on Plaintiff's residence. (*Id.*) Plaintiff's unlawful search claim again fails to state a plausible claim for relief.

Plaintiff argues Defendants Morgan and Sluberski "knew or should have known that the affidavit in support of the warrant did not create probable cause when they presented it to the issuing judge." (*Id.* ¶ 19.) Plaintiff again claims these Defendants obtained search warrants "premised on information that was either knowingly presented as false or presented as true in reckless disregard for the truth." (*Id.*)

The Fourth Amendment provides, in pertinent part: "The right of the people to be secure in their persons, houses, papers and effects, against unreasonable search and seizures, shall not be

violated, and no Warrants shall issue, but upon probable cause." U.S. Const. amend IV. As such, "a search or seizure conducted without a warrant or probable cause may form the basis of a § 1983 claim based on the Fourth Amendment." *Castro v. Perth Amboy Police Dept.*, 2014 WL 229301, at *2 (D.N.J. Jan. 21, 2014) (citing *Reedy v. Evanson*, 615 F.3d 197 (3d Cir. 2010)).

In its prior Opinion, the Court explained in depth that the evidence supported a finding of probable cause to support the issuance of a search warrant.[1] Plaintiff fails to submit new well-pleaded facts to support a claim for unlawful search.

Plaintiff now claims the affidavit for the search warrant falsely indicated that Mr. Khosla stated he "was advised to ask the sender [Plaintiff] to get in touch with the bank." (ECF No. 10 ¶ 26.) Plaintiff submits this statement was not contained in the police report and is therefore false. (*Id.*) Plaintiff is incorrect. The police report, which was provided by Plaintiff, indicates Mr. Kholsa "recalls being notified by the bank to 'ask the sender to get in touch with the bank.'" (ECF No. 10-1, Ex. A at 8.)

Plaintiff again argues that Defendant Morgan recklessly disregarded the truth when he used a fabricated statement from Mr. Ill, that Plaintiff was the same person who used Mr. Ill's identity in 2000 to steal $75,000. (ECF No. 10 ¶ 31.) As explained by the Court previously, this argument does not prove a lack of probable cause for Plaintiff's arrest. The record provided by Plaintiff does not support his allegation that Defendant showed "reckless disregard for the truth" and submitted a "fabricated statement." (ECF No. 8 at 10.) Plaintiff attached to his first amended complaint a signed statement from Raymond Ill in which he informed Defendant Morgan that he was the victim

---

[1] The Court also found Plaintiff's unlawful search claim to be time-barred. Plaintiff now requests the Court apply the Discovery Rule to find Plaintiff was unaware of the search and the injury to him until December 2019. (ECF No. 10 ¶ 21.) The Court need not decide this issue. As explained in the Court's previous Opinion, even if Plaintiff's unlawful search claim is not time-barred, Plaintiff still fails to state a claim upon which relief can be granted. (*See* ECF No. 8.)

of identity theft at the hands of Plaintiff in 2000. (ECF No. 7 at 45.) Assuming Mr. Ill's statement

was false, Plaintiff offers no facts to show Defendant Morgan would have known this was a false

statement. The Court has already addressed Plaintiff's argument in its previous Opinion. (See ECF

No. 8 at 10-11.) The Court provided the following analysis:

> Additionally, assuming arguendo that the statement is false, the
> application for a search warrant contained sufficient probable cause
> without that statement. The application noted that J.P. Morgan
> Chase bank records revealed someone was logging in to Raymond
> Ill's account from IP address 100.1.89.122 (ECF No. 7, at 60.).
> Documents from Verizon Fios showed IP address 100.1.89.122
> returned to 172 Culver Avenue, Apartment 205, Jersey City, New
> Jersey. (*Id.*, at 61.) Bank records from J.P. Morgan Chase showed
> on February 28, 2015, "a transfer of $2000 from 'Raymond P. Ill'
> was made to 'landlord (sic)', [t]he recipient email was
> ramesh@prkbuilder.com." (*Id.*, at 61.) On March 2, 2015, "an
> additional transfer of $2000 from 'Raymond P. Ill' was made to
> 'landlord (sic)," [t]he recipient email was
> ramesh@prkbuilder.com." (*Id.*) The application for the search
> warrant further explained www.prkbuilder.com is a contracting firm
> who does business in 172 Culver Avenue, Jersey City, which is the
> same building Plaintiff's apartment was in. Additionally, the
> contracting firm's principal was Ramesh Khosla. (*Id.*) In July 2015,
> Ramesh Khosla informed Defendant Morgan, Plaintiff was a tenant
> 172 Culver Avenue, Apartment 205 since December 2014 and had
> attempted twice to pay his rent with wire transfers, which were
> recalled by the bank. (*Id.*, at 62.)
>
> The record supplied by Plaintiff shows sufficient probable cause for
> the issuance of the search warrant. Accordingly, the claim for
> unlawful search against Defendants Huff, Morgan, and Sluberski is
> dismissed without prejudice.

(ECF No. 8 at 10-11.) Plaintiff has failed to submit any additional facts to cure the deficiencies

found by the Court for his unlawful search claim. Therefore, Plaintiff's unlawful search claim

against Defendants Huff, Morgan, and Sluberski is dismissed.

### B.  False Arrest

Plaintiff again raises a false arrest claim against all Defendants. (ECF No. 10, at 7.) Plaintiff's false arrest claim fails to state a plausible claim for relief.

The elements of a false arrest claim are (1) that an arrest occurred; and (2) that the arrest was made without probable cause. *See Groman v. Twp. of Manalapan*, 47 F.3d 628, 634 (3d Cir. 1995). "Probable cause to arrest exists where the arresting officer has knowledge of facts and circumstances sufficient to permit a prudent person of reasonable caution to believe that the person arrested has committed an offense." *Young v. City of Hackensack*, No. 04-2011, 2005 WL 1924327, at *3 (D.N.J. Aug. 11, 2005), *aff'd*, 178 F. App'x 169 (3d Cir. 2006). Generally speaking, a facially valid warrant establishes probable cause for an arrest and indicates that officer's arrest was objectively reasonable. *See Young*, 178 F. App'x at 171–72 (affirming grant of summary judgment to defendants in false arrest § 1983 case on basis of probable cause and qualified immunity where warrant "appears on its face to be valid")

Where a plaintiff is arrested pursuant to a facially valid warrant, however, a court may only find probable cause lacking if the arresting officer "knowingly and deliberately, or with a reckless disregard for the truth, made false statements or omissions that create a falsehood in applying for a warrant" and "such statements or omissions [were] material, or necessary, to the finding of probable cause." *Wilson v. Russo*, 212 F.3d 781, 786–87 (3d Cir. 2000) (citing *Sherwood v. Mulvihill*, 113 F.3d 396, 399 (3d Cir. 1997)); *see also Eckman v. Lancaster City*, 529 F. App'x 185, 186 (3d Cir. 2013). An officer makes an assertion with reckless disregard for the truth "when viewing all the evidence, [the officer] must have entertained serious doubts as to the truth of his statements or had obvious reasons to doubt the accuracy of the information he reported." *Wilson*, 212 F.3d at 788.

Here, Plaintiff again argues his arrest warrant "did not include an affidavit or sworn statement establishing probable cause." (ECF No. 10 ¶ 39.) Plaintiff claims Defendant Ciacci "did not establish probable cause, because in viewing the police report [it] did not set forth facts giving rise to probable cause." (*Id.*, ¶ 40.) Plaintiff fails to provide any additional facts to cure the deficiencies in Plaintiff's claim found by the Court in its previous Opinion. (*See* ECF No. 8.) Plaintiff realleges what he believes are false statements or omissions in the affidavit of probable cause. (*See* ECF No. 10 ¶¶ 43–49.) Plaintiff does not provide facts to support his allegation that portions of the affidavit are false. Rather, he makes conclusory arguments that the statements in the affidavit are false. (*See id.*)

The Court previously found probable cause to support Plaintiff's arrest for the following reasons:

> Defendant Morgan's search warrant application detailed that the J.P. Morgan Chase bank records showed two transfers of $2,000.00 from Raymond Ill's account, which were to "landlord" at ramesh@prkbuilder.com. Ramesh Khosla confirmed that he was Plaintiff's landlord at 172 Culver Avenue, and Plaintiff attempted to pay his rent with two $2,000.00 wire transfers. ([ECF No. 7] at 61-62.) Plaintiff was arrested based on an arrest warrant that was found to have probable cause and Plaintiff has not alleged facts that would undermine that finding of probable cause. Plaintiff has failed to state a plausible claim for relief. Plaintiff false arrest claim is therefore dismissed without prejudice as to all Defendants.

(ECF No. 8 at 13.)

The Second Amended Complaint fails to provide facts to cure the deficiencies in Plaintiff's false arrest claim previously found by the Court. As such, Plaintiff's false arrest claim against all Defendants is dismissed for substantial the same reasons found by the Court previously.

### C. Malicious Prosecution

The Court construes the Second Amended Complaint as again raising a malicious prosecution claim. (*See* ECF No. 10 ¶¶ 106–11.)

Malicious prosecution claims raised pursuant to § 1983 arise out of the protections enshrined in the Fourth Amendment. *Halsey v. Pfeiffer*, 750 F.3d 273, 296–97 (3d Cir. 2014). To state a claim for malicious prosecution, a plaintiff must allege the following elements:

> (1) the defendant initiated a criminal proceeding; (2) the criminal proceeding ended in [the plaintiff's] favor; (3) the defendant initiated the proceeding without probable cause; (4) the defendant acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered [a] deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding.

*Id.* (internal citations omitted).

As discussed above, and at length in the Court's prior Opinion (ECF No. 8), Defendant's affidavit provided probable cause for Plaintiff's arrest. The Second Amended Complaint fails to plead facts to support a claim that the Defendants "initiated the proceeding without probable cause." *Halsey*, 750 F.3d at 296–97. For the reasons given above, the Second Amended Complaint fails to state a claim upon which relief can be granted for malicious prosecution. Plaintiff's malicious prosecution claim is therefore dismissed.

### D. Malicious Abuse of Power

Plaintiff's Second Amended Complaint raises a claim for "malicious abuse of power." (ECF No. 10 ¶¶ 54–68.)

At a high level of generality, § 1983 is aimed at preventing "abuses of power by those acting under color of state law." *Robertson v. Wegmann*, 436 U.S. 584, 591 (1978); *see also Giles v. Campbell*, 698 F.3d 153, 156 (3d Cir. 2012). Some underlying violation of the U.S. Constitution or state law, however, must be alleged. "[A]buse of power" is not itself "an independently

cognizable claim for § 1983 purposes." *O'Bradovich v. Village of Tuckahoe*, 325 F. Supp. 2d 413, 426 (S.D.N.Y. 2004); *see also In re Copeland*, No. 18-13948, 2019 WL 1090005, at *2 (Bankr. W.D. Okla. Mar. 7, 2019) (collecting cases that state there is no freestanding cause of action for abuse of power); *Paoli v. Stetser*, No. 12-66, 2014 WL 3386037, at *34 (D. Del. July 11, 2014), *adopted in part, rejected in part*, 2014 WL 5857567 (D. Del. Nov. 10, 2014), aff'd, 651 F. App'x 123 (3d Cir. 2016) ("[T]here is not a separate legally cognizable claim of 'abuse of power' under federal law."). That a defendant abused her power in the course of committing some alleged constitutional violation "adds nothing of legal significance to Plaintiffs' complaint"; "Section 1983 draws no distinction between abusive and nonabusive federal violation and does not require proof of abuse of governmental power separate and apart from proof of constitutional violations." *O'Bradovich*, 325 F. Supp. 2d at 426 (citing *Collins v. City of Marker Heights, Tex.*, 503 U.S. 115, 119 (1992).

Here, Plaintiff alleges Defendants abused their power in arresting and prosecuting him. (ECF No. 10 ¶ 68.) Since there is no independent cause of action for "abuse of power," and Plaintiff's claim is premised upon the same allegations and constitutional deprivations addressed under Plaintiff's false arrest and malicious prosecution claims, the Court will dismiss Plaintiff's abuse of power claim as redundant. *See Janowski v. City of N. Wildwood*, 259 F. Supp. 3d 113, 132 (D.N.J. 2017) (dismissing counts as duplicative where the counts were premised upon the same allegations and underlying facts).

### E. Due Process, Equal Protection, and Conspiracy

The Second Amended Complaint raise claims under the Fourteenth Amendment Due Process Clause and Equal Protection Clause, as well as § 1985 conspiracy claim. (*See* ECF No. 10 at ¶¶ 99–105, 112–16, 117–25.) Plaintiff raised these identical claims in his first amended

complaint. (*See* ECF No. 7 at ¶¶ 114–20, 131–35, 141–48.) Plaintiff has failed to provide any supplemental facts or arguments regarding these claims. As such, the Court dismisses Plaintiff's Fourteenth Amendment Due Process Clause claim, Fourteenth Amendment Equal Protection Clause claim, and § 1985 conspiracy claim for the reasoning provided in the Court's March 9, 2022 Opinion. (*See* ECF No. 8 at 15–19.)

## IV.   CONCLUSION

For the reasons stated above, the Second Amended Complaint is **DISMISSED** in its entirety pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A for failure to state a claim upon which relief may be granted.[2] As this is Plaintiff's third attempt to state a claim upon which relief can be granted, and the Second Amended Complaint fails to do so, the Court finds it would be futile for Plaintiff to file a Third Amended Complaint. *See* Fed. R. Civ. P. 15. As such, Plaintiff shall no longer be granted leave to file an amended complaint. An appropriate order follows.

*/s/ Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**

Dated: July 7, 2022

---

[2] Because the Court dismissed all federal claims, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims. *See* 28 U.S.C. § 1367(c)(3) (a district court may decline to exercise supplemental jurisdiction over a claim if the court "has dismissed all claims over which it has original jurisdiction").